■ ROSE SANTOS, Respondent, v. EUGENE SANTOS, Appellant.— In an action to recover alimony and support in arrears under a separation agreement, the defendant appeals, as limited by his brief: (a) from a judgment of the Supreme Court, Kings County, entered September 20, 1962, in favor of the plaintiff and against the defendant in the sum of $4,584.50; and (b) from so much of an order of said court entered September 13, 1962, as granted plaintiff's motion for summary judgment, upon which order the judgment was entered. Judgment and order modified by reducing the amount of the recovery by the sum of $450, plus the interest charged thereon, for the period August 8, 1961 to December 11, 1961, and by severing the claim for such period from the balance of the action; order further modified by adding a provision directing an immediate hearing to determine the amount due to plaintiff for the said period; and action remitted to the Special Term for the entry of a partial summary judgment accordingly. As so modified, judgment and order, insofar as

appealed from, affirmed, with $10 costs and disbursements to plaintiff. The separation agreement upon which this action is brought provided, *inter alia,* for payments by the husband of $150 per week alimony for the wife and support for the younger of their two sons. It also provided that in the event the older of their sons should not reside at a school away from home, but resides with the wife, then the husband should pay $175 per week to his wife for her support and the support of the children. The motion papers present a triable issue of fact as to whether the elder son resided with the wife from August 8, 1961 until December 11, 1961. If he did, the wife is entitled to payments of $175 per week for this 18-week period. If he did not, then only the base amount of $150 per week is due. Accordingly, there is a factual dispute concerning plaintiff's right to recover $450 of the total sum of $4,350 demanded in the complaint and summary judgment should not have been granted for the full amount. Summary judgment was properly directed in respect of the balance of plaintiff's claim, however. The prior judgment for arrears obtained by the wife in the former Municipal Court of the City of New York is *res judicata* of the validity of the separation agreement, and bars defendant's present claim that the agreement was induced by plaintiff's fraud. (*Beneduce* v. *Beneduce,* 18 A D 2d 1.) Accordingly, plaintiff's claim for the $450 in dispute is severed from the balance of her claim as to which there is no factual dispute and a hearing is directed to determine plaintiff's right under the agreement to payments of $175 per week for the period from August 8, 1961 to December 11, 1961. (Former Rules Civ. Prac., rule 113, subd. 3; rule 114; CPLR, rule 3212, subds. [c], [e].) Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.